IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:18 CR 299 (5)

                              Plaintiff,            ORDER DENYING
                                                   MOTION FOR RELEASE

            -vs-
                                                   JUDGE JACK ZOUHARY
Michael Jones,

                              Defendant.


Last year, Defendant Michael Jones pled guilty to distribution of cocaine base (Doc. 135; Non-Doc. Entry 7/23/2019). Because of an earlier felony drug conviction, he was subject to a 120-month mandatory minimum (Doc. 162 at 30, 135). This Court imposed that minimum sentence (Doc. 181 at 2). Citing the COVID-19 pandemic, Jones now requests early release under the federal compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 190 at 1; Doc. 193 at 1). The Government opposes (Doc. 198); Jones replies (Doc. 201).

Under the statute, this Court may reduce a prisoner's sentence if (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). This Court also must consider the factors listed in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Jones, age 42, presents several arguments for release. He is confined at FCI Elkton, one of the least-successful prisons in the fight against COVID-19. *See Wilson v. Williams*, 2020 WL 3056217, at *2, *13–15 (6th Cir. 2020) (discussing recent conditions at Elkton). Jones allegedly faces a high risk of virus-related complications due to obesity and a 2003 bout with tuberculosis

(Doc. 193 at 10; Doc. 198 at 9).  His crime of conviction was a nonviolent drug offense, and he has behaved well during his current incarceration (Doc. 193 at 13).

Nevertheless, early release is inappropriate in light of the Section 3553(a) factors.  Jones has served only two years of his ten-year sentence (*id.* at 12).  Additionally, this is his third cocaine conviction.  Jones served 87 months following a 2001 conviction for participation in a cocaine conspiracy (Doc. 162 at 23).  While on supervised release, he trafficked cocaine again and returned to prison for 30 months (*id.* at 24).  Because of this history, a sentence reduction from ten years to two would not "afford adequate deterrence to criminal conduct," "protect the public from further crimes [by Jones]," or otherwise comport with the Section 3553(a) factors.  18 U.S.C. §§ 3553(a)(1)–(2).  *See also United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (affirming denial of compassionate release based on Section 3553(a) factors, notwithstanding extraordinary and compelling reasons for a sentence reduction).

One allegation requires further comment.  Jones claims Elkton officials refuse to provide him medical treatment despite significant symptoms, such as fluid buildup in the lungs and fever (Doc. 193 at 2, 10; Doc. 201 at 4).  Such a claim for inadequate medical treatment might fall under the Eighth Amendment asserting a deliberate-indifference theory.

The Motion (Docs. 190, 193) is denied.

IT IS SO ORDERED.

                                                       *s/ Jack Zouhary*
                                       JACK ZOUHARY
                                       U.S. DISTRICT JUDGE

                                       June 29, 2020